The opinion of the court was delivered by
Gibson, J.
The single question to be decided is, whether the enlistment of a minor, into the corps of marines, is void by any act of congress, or at the common law. The act which regulates enlistments in'the army, prohibits the enlistment of minors, except as musicians: and, on the other hand, the act which regulates the enlistment of seamen, expressly authorizes the enlistment of minors: and hence a question, whether this corps is a part of the army, or of the navy. It may be ordered to the land service; but so may the whole of the seamen in service, if it be the will of the government so to employ them. The officers of this corps serve indiscriminately, on courts martial with officers of the army; but so they do with officers of the navy. All this, therefore, proves nothing. The truth is, this corps has no necessary connexion with the army: it is a part of the naval establishment; and is exclusively subject to the orders of the secretary of the. navy. The prohibition of the act of congress, on the subject of recruiting the army, therefore, being out of the question, it is unnecessary to inquire whether the case of the person whose liberation is claimed, falls within the act which authorizes the enlistment of minors as seamen; as, I am well satisfied, the enlistment is good, independently of the enabling provisions of any statute. At the common law, the contract of an infant will bind him where it is beneficial; and I am far from being convinced, that the contract of enlistment is not, in contemplation of law, of that kind. But I put the' case on broader ground — the ground of *94 public policy; which requires that a minor be at liberty to enter into a contract to serve the state, wherever such contract is not positively forbidden by the state itself; during-the existence of which service, parental authority over him is suspended, though not annihilated. This is the common law of England;* and there is nothing in the constitution of the government, or of the circumstances of the people of this country, to afford a reason why it should not be the common law here. In a state of war, the necessity of such a principle is obvious; and the same necessity exists, although in a less degree, in a state of peace. But there is, if it were necessary to resort to it, another ground independent of this, on which the person, whose liberation is in question, must be remanded. It appears, by the return to the writ of Habeas Corpus, that he is in confinement on a charge of desertion from his post; and the law is clear, that he must abide the sentence of a court martial, before'he can contest the validity of the enlistment. - There would be an end of all safety, if a minor could insinuate himself into an army, and after having perhaps jeoparded its very existence, by betraying its secrets to the enemy, escape military punishment, by claiming the privileges of infancy. The very camp followers are subject to military law. The same reason is equally applicable to the marine and naval service. But this principle is so well established, and so generally understood, that it is deemed unnecessary to enlarge on it, or to cite an authority in support of it. On both grounds, therefore, but particularly on the first, the marine, ¿llíraham Ward, is remanded to the custody of his officer.
Prisoner remanded.